IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEIKO BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-512-NJR |
| | ) |
| STEVEN BOWMAN, WEXFORD | ) |
| HEALTH SOURCES, INC., P. MYERS, | ) |
| NURSE DUNBAR, N.P. ALISA | ) |
| DEARMOND, and RN JILL CRANE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Meiko Buchanan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center and Menard. In the Complaint, Buchanan alleges defendants were deliberately indifferent in treating his left ear pain. He asserts claims against them under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Buchanan makes the following allegations: On January 10, 2022, while at Pinckneyville, Buchanan woke up with left ear pain (Doc. 1, p. 4). He also could not hear out of the ear. Although he complained daily to staff and nurses, he was not seen by Dr. Myers until January 28, 2022 (*Id*. at p. 5). Dr. Myers failed to flush Buchanan's ear despite Buchanan's requests and protests that something was lodged in his ear. On March 10, 2022, Dr. Myers allowed Buchanan to be transferred to Menard despite his continued complaints of pain.

Upon arriving at Menard, Buchanan continued to complain of pain and an inability to hear, but Menard did not have a medical doctor on site. He was finally seen on April 6, 2022. He had his left ear flushed and a small roach was removed from his ear (*Id*. at p. 6). Buchanan continued to complain of pain, swelling, and loss of hearing in his ear. He alleges that nurse practitioner Alisa Dearmond and nurse Jill Crane were both aware that he could not hear out of his ear, but they refused to submit urgent medical service referrals on both May 9, 2022, and June 17, 2022 (*Id*. at p. 7). Despite Menard lacking an on-duty doctor, both Dearmond and Crane refused to send him outside of the prison for care. Buchanan continues to suffer from severe pain and swelling in his left ear and jaw (*Id*. at p. 8). He also suffers from headaches and hearing loss (*Id*.).

Buchanan alleges that Dr. Bowman, IDOC's medical director, failed to provide Menard with an onsite doctor which prevents Buchanan from receiving care for the issues

with his ear (*Id.* at p. 9). He further alleges that Dr. Bowman, as the medical director, and Wexford Health Sources, Inc. ("Wexford") have wide-spread policies and practice of delaying medical treatment through the collegial review process (*Id.* at p. 9). They also failed to train and supervise medical staff, resulting in ineffective medical treatment (*Id.* at p. 10). They also had a policy and practice of not keeping medical records requests which caused delays and denial of treatment (*Id.* at p. 10). Buchanan alleges that this policy led nurse Dunbar to remove records from his file (*Id.* at p. 11).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against P. Myers for failing to properly treat Buchanan's ear pain and allowing him to be transferred to Menard without treatment.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Alisa Dearmond and Jill Crane for refusing to refer Buchanan for outside care for his left ear pain and hearing loss despite Menard lacking an onsite treating physician.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Bowman, in both his individual and official capacity, for failing to hire an onsite medical doctor at Menard, delaying medical treatment through the collegial review process, failing to adequately hire and train staff, and failing to keep medical records requests.**
>
> **Count 4:** **Eighth Amendment deliberate indifference claim against Wexford for delaying medical treatment through the collegial review process, failing to adequately hire and train staff, and failing to keep medical records requests.**
>
> **Count 5:** **Eighth Amendment deliberate indifference claim against Dunbar for changing Buchanan's records.**

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Individual Claims in Counts 1, 2, and 5.**

At this stage, the Court finds that Buchanan adequately states claims for deliberate indifference against Myers, Dearmond, and Crane in Counts 1 and 2.

As to Count 5 against Dunbar, however, the Court finds that Buchanan fails to state a claim. It is not at all clear from the allegations in the Complaint how Dunbar's conduct amounted to deliberate indifference. In fact, it is not entirely clear what conduct Buchanan attributes to Dunbar. He includes a single line stating that Wexford's records policy allowed Nurse Dunbar "contact records with plaintiff to be removed from the record with falsified medical records from both prisons." (Doc. 1, p. 11). But it is not clear whether Buchanan alleges that Dunbar intentionally removed records from his file, whether those records were destroyed, what records were replaced, and how that prevented him from receiving medical care. There is no indication how Dunbar acted with deliberate indifference. Thus, the claim against Dunbar in Count 5 is **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To the extent that Buchanan seeks injunctive relief, the Court also **ADDS** Anthony Wills, in his official capacity only, for the purpose of implementing any injunctive relief awarded.

**Claims against Bowman and Wexford**

As to the claim against Bowman in Count 3, Buchanan alleges that Bowman was deliberately indifferent in failing to hire a medical doctor for Menard which prevented him from receiving treatment. He also alleges that as medical director, in his official capacity, he implemented policies and procedures by utilizing the collegial review process, failed to train staff, and failed to maintain medical records. Although the Court finds that Buchanan states a claim against Bowman in his individual capacity for failing to hire a medical doctor at Menard, Buchanan fails to allege a policy or practice claim against Bowman in his official capacity. Other than stating that there were policies like the use of the collegial review, failing to train staff, and failing to keep medical records, Buchanan fails to allege any specifics on the policies or how the policies led to a delay in his medical care. He fails to allege that any requests were submitted to collegial review and denied, nor does he identify what training staff should have received that would have allowed him to receive proper care. Thus, Buchanan is only allowed to proceed on Count 3 against Bowman in his individual capacity for failing to hire a medical doctor for Menard. All other claims in Count 4 are **DISMISSED without prejudice**.

Similarly, the claims against Wexford also fail. His policy and procedure claims fail to identify the specific policies at issue or how those policies led to improper treatment for Buchanan's ear pain. Thus, Wexford is **DISMISSED without prejudice**.

## Pending Motions

In addition to his Complaint, Buchanan also filed a motion for preliminary injunction (Doc. 4), as well as a motion to amend his motion for preliminary injunction (Doc. 5). To the extent Buchanan seeks to attach exhibits to his original motion for injunctive relief (Doc. 5), that motion is **GRANTED,** and the Court will consider the attached exhibits.

As to his motion for preliminary injunction, Buchanan argues that since April 6, 2022, when a roach was removed from his left ear, he has continued to complain of pain and hearing loss in his left ear to no avail. The nursing staff refuse to send Buchanan out to an audiologist or other specialist to receive treatment for his ear. Menard has no medical doctor, and the nurses and nurse practitioner will not provide him with adequate care. Specifically, Dearmond and nurse Crane refuse to document his issues as urgent and refuse to refer him for outside care (*Id*. at p. 3). He seeks a referral to a specialist/audiologist for an examination of his hearing.

Buchanan has not shown that he will suffer any immediate injury such that he cannot wait for a response from Defendants. He does not allege that his condition is getting worse or that his hearing loss has changed recently. Thus, the Court **DIRECTS** Defendants to respond to Buchanan's motion by **March 15, 2023**.

To the extent that Buchanan seeks counsel, the Court finds that counsel is not warranted at this time. Buchanan indicates that he has a mental illness and takes medications which will make it difficult to litigate the case on his own. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the

assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, his motion for counsel (Doc. 2) is **DENIED**.

### Disposition

For the reasons stated above, Count 1 against P. Myers, Count 2 against Dearmond and Crane, and Count 3 against Bowman, in his individual capacity, are allowed to proceed. Count 3 against Bowman in his official capacity, as well as the counts against Wexford and Dunbar, are **DISMISSED without prejudice**. Anthony Wills, in his official capacity as Warden of Menard, is **ADDED** to the case for the purpose of implementing any injunctive relief awarded in this case.

The Clerk of Court shall prepare for Defendants P. Myers, Alisa Dearmond, Jill Crane, Steven Bowman, and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Buchanan. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Buchanan, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Buchanan, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Buchanan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure

to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 21, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**