IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEIKO BUCHANAN,<br><br>     **Plaintiff,**<br><br>v.<br><br>STEVEN BOWMAN, DR. MYERS,<br>ALISA DEARMOND, JILL CRANE, and<br>ANTHONY WILLS,<br><br>     **Defendants.** | Case No. 23-cv-512-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Meiko Buchanan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. On February 21, 2023, the Court conducted a merits review of Buchanan's Complaint pursuant to 28 U.S.C. § 1915A and allowed several claims to proceed related to Buchanan's ear pain and treatment of that pain and hearing loss (Doc. 8). Also on February 21, 2023, a waiver of service was issued as to all defendants, including Defendant Anthony Wills (Doc. 10). On February 21, 2023, Wills signed and returned his wavier of service (Doc. 12). His Answer was due April 23, 2023.

  Wills failed to file an Answer and thus, on May 3, 2023, an entry of default was entered against him (Doc. 32, 34). On May 11, 2023, Buchanan filed a motion for default

judgment (Doc. 35).[1] In response, Wills filed a motion to vacate the entry of default (Doc. 45).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment but is applied more liberally. *Cracco*, 559 F.3d at 631.

Wills has met the standard for setting aside the entry of default. Wills indicates that he requested representation from the Office of the Attorney General but that request was inexplicably not forwarded and thus counsel did not enter an appearance on his behalf. Wills also indicates that he took quick action to remedy the entry of default, ensuring that his request for counsel was forwarded and counsel assigned to his case. Wills also contends that he has a meritorious defense and was only added to the case in his official capacity to implement any injunctive relief sought (*See* Doc. 8, p. 7).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Wills has met the requirements of Rule

---

[1] In his motion, Buchanan also sought a default judgment against Jill Crane (Doc. 35). He argued that he did not receive Jill Crane's Answer when he received Answers from Dr. Myers and Defendant DeArmond. But Jill Crane filed a timely Answer. Specifically, on April 24, 2023, Jill Crane filed her Answer and Affirmative Defenses (Doc. 28). Crane indicates that she mailed a copy of the Answer and Affirmative Defenses to Buchanan on the same day (Doc. 43). Thus, Crane is not in default, and Buchanan's request for judgment as to Crane will be denied.

55(c) and **GRANTS** his motion to vacate (Doc. 45). Buchanan's motion for default judgment (Doc. 35) is **DENIED**. Wills has already filed his Answer and Affirmative Defenses (Doc. 49); no further response is necessary.

**IT IS SO ORDERED.**

DATED: June 7, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**